IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Shenzhen Wuyishi Technology Co., Ltd. d/b/a JS Digital US,**<br><br>           Plaintiff,<br><br>v.<br><br>**Eagle Fan,**<br><br>           Defendant. | **Case No. 1:24-cv-7144**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Shenzhen Wuyishi Technology Co., Ltd., d/b/a JS Digital US ("Plaintiff") brings this complaint against Eagle Fan ("Defendant"), an individual, and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*.

2.     Plaintiff requests this relief because Defendant recently accused Plaintiff of patent infringement.  Plaintiff and Defendant both sell products through Amazon.com.  Defendant recently filed a complaint under the Amazon Patent Evaluation Express Procedure ("APEX") against Plaintiff, alleging that Plaintiff's Airplane Phone Holder product infringes U.S. Patent No. 10,272,847 ("the '847 Patent") (Attached as Exhibit A).  Plaintiff received notice regarding this APEX complaint on February 24, 2024 and May 8, 2024.  Under the APEX program, Amazon will remove product listings from its marketplace if an individual or entity submits a report alleging that a product's listings infringes its intellectual property rights. .  As a result of this APEX

1

complaint, Amazon removed (improperly in Plaintiff's view) Plaintiff's Airplane Phone Holder product listing.

3. Importantly, Amazon's APEX program does not consider issues of patent invalidity; it only considers infringement questions.

4. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Airplane Phone Holder product has not infringed, or otherwise violated the patent or other intellectual property rights, of Defendant under U.S. or applicable state law.

5. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Defendant's patent is invalid.

6. Defendant's intended assertion of claims of patent infringement based on Plaintiff products has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendant. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiff does not infringe the Defendant patent, and that the Defendant patents are invalid and/or unenforceable.

## THE PARTIES

7. Plaintiff, Shenzhen Wuyishi Technology Co., Ltd., is a private Chinese company, with its registered office address and principal place of business being 501-505, Bldg.B, No. 17, Yongxiang Rd.E, Ma'antang Community, Bantian St, Longgang, Shenzhen, CN.

8. Upon information and belief, Defendant is a foreign individual residing in Chu-Pei City, Hsinchu, Taiwan.

9. Upon information and belief, and based on contentions by Defendant in its APEX complaint filed with Amazon, Defendant claims to own the '847 Patent.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

11. This Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. §§ 1391 and/or 1400. This Court has personal jurisdiction over Defendant since, on information and belief, Defendant directly targets business activities toward customers in the United States, including Illinois, through at least the fully interactive e-commerce storefronts on Amazon.com. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offering to ship to the United States, including Illinois, accepting payment in U.S. dollar and, on information and belief, has sold products to residents in Illinois. In addition, Defendant has directed its patent assertion campaign at Plaintiff by, *inter alia*, seeking to enjoin Plaintiff's business by reporting Plaintiff as an alleged infringer of the '847 Patent through a private, third-party tribunal (discussed below), impacting Plaintiff's business in the United States, including Illinois. This process carries significant legal and business consequences to Plaintiff based on Defendant's allegations that Plaintiff has infringed the '847 Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods in, from, and into the state of Illinois.

12. On or around February 24, 2024, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action ("Amazon Complaint") against Plaintiff in order to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a

3

significant portion of Plaintiff's business.

13. On July 22, 2024, in response to Defendant's Amazon Complaint, the Amazon marketplace removed Plaintiff's Airplane Phone Holder products consisting at least ASIN: B0CGZXBSV2 ("Accused Products") under the pretext that the ASIN may infringe the '847 Patent.

14. By initiating the Amazon Complaint against Plaintiff, a company with whom Defendant was very familiar, Defendant availed itself of the laws of the state of Illinois and knew that its actions would harm Plaintiff in this district. Defendant's Amazon Complaint constitutes unfair competition directed at Plaintiff and prejudices Plaintiff's ability to conduct business in Illinois. Defendant's acts seek to disrupt the stream of commerce originating in Illinois *vis-a-vis* Plaintiff's goods.

15. Venue in this judicial district is proper, *inter alia*, as a substantial part of the events giving rise to this declaratory judgment claim occurred in this judicial district as Defendant's Amazon Complaint effectively ceased Plaintiff's ability to conduct business in Illinois. The legal rights that were violated as complained of herein exist in Illinois, and a substantial part of the improper restraint of trade with anticompetitive effects on the market occurred in Illinois.

## FACTUAL BACKGROUND

16. On April 30, 2019, the United States Patent and Trademark Office issued the '847 Patent.

17. Defendant purports to own the right, title, and interest in the '847 Patent, including the right to license, sell, and enforce the '847 Patent.

18. On or around February 24, 2024, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action against Plaintiff in order to terminate Plaintiff's

commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business.

19. On July 22, 2024, in response to Defendant's Amazon Complaint, the Amazon marketplace removed Plaintiff's Airplane Phone Holder products bearing ASIN B0CGZXBSV2 ("Accused Products") under the pretext that the ASIN-in-question may infringe the '847 Patent.

20. Defendant's course of conduct is not warranted under law, has anticompetitive effects on the market, and restrains Plaintiff's ability to compete fairly.

21. Plaintiff has at all times acted in good faith with respect to Defendant's alleged patent rights. Plaintiff's Accused Products do not infringe the '847 Patent because none of the Accused Products possess all the elements and limitations of any claim of the '847 Patent. For example, claim 1 of the '847 Patent requires "[a] clamping device comprising: a first support member (1), a first pivot member (2), a second pivot member (3) and a second support member (4)…" For example only, the Accused Products lack a second pivot member as claimed in the '847 Patent. Accordingly, each claim of the '847 Patent requires, at least, one element or limitation missing from the Accused Products which, thus, do not infringe the '847 Patent.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT
## (U.S. PATENT NO. 10,272,847)

22. Plaintiff restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

23. Defendant has contended that Plaintiff's Accused Products infringes at least one claim of the 847 Patent.

24. Plaintiff does not infringe any valid and enforceable claim of the 847 patent, either directly or indirectly, literally or under the doctrine of equivalents, via Plaintiff's manufacture, use,

offer for sale, sale, and/or import of the Accused Products.

25. Plaintiff has never manufactured, used, offered for sale, sold, or imported any products or services which infringe any valid and enforceable claim of the '847 patent.

26. By example, without limitation, Plaintiff alone does not perform all the steps recited the claims of the '847 patent as is required for direct infringement.

27. There exists a present, genuine, and justiciable controversy between Plaintiff and Defendant warranting issuance of a declaration by the Court that no valid and enforceable claim of the '847 patent has been infringed, directly or indirectly, literally or under the doctrine of equivalents, by Plaintiff or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the Plaintiff's Accused Products.

28. Defendant's allegations of infringement of the '847 patent are baseless and exceptional, thus warranting an award of Plaintiff's attorneys' fees under 35 U.S.C. § 285.

## CLAIM II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '847 PATENT

29. Plaintiff restates and incorporates by reference each of the allegations in the preceding paragraphs of this complaint.

30. Defendant has contended that at least one claim of the '847 Patent is valid, enforceable, and infringed by making, using, offering to sell, selling, and/or importing Plaintiff's Accused Products.

31. The claims of the '847 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of nonstatutory double patenting.

32. The claims of the '847 Patent are anticipated and/or obvious in view of the prior art

6

of record in the public prosecution history of the '847 Patent as well as other prior art not considered by the Patent Office before allowing the claims of the '847 Patent.

33. There exists a present, genuine, and justiciable controversy between Plaintiff and Defendant warranting issuance of a declaration by the Court that one or more of the claims of the '847 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Declaratory judgment that the '847 Patent is not infringed by Plaintiff.

2. Declaratory judgment that all of claims of the '847 Patent are invalid.

3. An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

   A. Restraining and enjoining, preliminarily and permanently, any assertion of the Patent-in-Suit against Plaintiff; and

   B. Requiring that Defendant provide written notice of the injunction to all enjoined parties.

4. Judgment that this case is exceptional under 35 U.S.C. § 285 due to the Defendant's anticompetitive actions aimed at eliminating a competitor's product by falsely claiming that the Accused Products infringe, despite them not actually infringing.

5. Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

6. That Defendant be ordered to pay Plaintiff pre-judgment interest on all sums awarded.

7. That Plaintiff be awarded such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Dated: August 13, 2024

Respectfully submitted,

/s/Edward L. Bishop
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Telephone: (847) 969-9123
Facsimile: (847) 969-9124

*Counsel for Plaintiff, Shenzhen Wuyishi Technology Co., Ltd. d/b/a JS Digital US*